UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

KIMBER L. HEINS,                    )
                                    )   No. CV-06-0348-CI
          Plaintiff,                )
                                    )   ORDER DENYING PLAINTIFF'S
v.                                  )   MOTION FOR SUMMARY JUDGMENT
                                    )   AND GRANTING DEFENDANT'S
MICHAEL J. ASTRUE, Commissioner     )   MOTION FOR SUMMARY JUDGMENT
of Social Security,                 )
                                    )
          Defendant.                )
                                    )

     BEFORE THE COURT are cross-Motions for Summary Judgment (Ct.
Rec. 17, 20). Attorney Rebecca Coufal represents Plaintiff Kimber
Heins (Plaintiff); Special Assistant United States Attorney Richard
M. Rodriguez represents the Commissioner of Social Security
(Defendant).   The parties have consented to proceed before a
magistrate judge. (Ct. Rec. 7.) After reviewing the administrative
record and briefs filed by the parties, the court **DENIES** Plaintiff's
Motion for Summary Judgment, and directs entry of judgment for
Defendant.

                            **JURISDICTION**

     On May 2003, Plaintiff protectively filed her application for
Social Security Income (SSI) benefits. (Tr. 87-90.)  She alleged
disability due to back and neck injury and chronic back pain, with
an amended onset date of May 19, 2003. (Tr. 101, 475.)  Benefits

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 1

were denied initially and on reconsideration. (Tr. 42, 48.) Plaintiff requested a hearing before an administrative law judge (ALJ). Hearings were held on July 28, 2005, October 6, 2005, and November 7, 2005, before ALJ R.J. Payne. (Tr. 470-551.) During the course of the hearings, lay witness George Shore, medical experts George Weilepp, M.D., and Robert Berselli, M.D., and vocational expert Sharon Welter testified. Plaintiff, who appeared in person at the first hearing and testified telephonically at the October 6, 2005, hearing, was represented by counsel. (Tr. 471, 502-29.) The ALJ denied benefits. After accepting and considering new evidence submitted by Plaintiff, the Appeals Council denied review.[1] (Tr. 5-

_____

[1]    When the Appeals Council evaluates the new evidence in the context of denying review, the issue on appeal becomes whether the record is limited to the evidence presented to the ALJ or also includes the new evidence evaluated by the Appeals Council, but never seen by the ALJ. In this circuit, when the Appeals Council specifically considers new materials in the context of denying the claimant's request for review, "we consider the rulings of both the ALJ and the Appeals Council," and the record includes the ALJ's decision as well as the new evidence. *Ramirez v. Shalala*, 8 F.3d 1449, 1452 (9th Cir. 1993); *Gomez v. Chater*, 74 F.3d 967, 971 (9th Cir. 1996). Here, the new evidence submitted was medical records dating from September 2005 through July 2006 documenting new injuries to Plaintiff's left shoulder and right knee. (Tr. 409-69.) The new evidence was considered by the court and is not material to the current claim of impairment which alleges an onset date of May 2003. *See* 20 C.F.R. S 404.970 ; *Bates v. Sullivan*, 894 F.2d 1059,

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 2

6.)  The instant matter is before this court pursuant to 42 U.S.C.
§ 405(g).

## STATEMENT OF THE CASE

The facts of the case are set forth in detail in the transcript of proceedings, and are briefly summarized here.  At the time of the hearing, Plaintiff was 41 years old with a thirteen year education. (Tr. 505, 509, 528.)  She was divorced and had three children. (Tr. 219, 521-22.)  She lived with her grandfather at his house, with two of her children; one son lived with his father out of town.  (Tr. 522.)  She had past work experience as an apartment house manager, bartender, groundskeeper, construction worker, janitor, and bar server.  (Tr. 541-43.)  She was in a serious car accident in the 1990's, and suffered back and neck injuries that required surgery in 1996.  She was injured in motor vehicle accidents in 2002 and 2003. She had additional right shoulder surgery in 2003 and knee surgery in 2004.  (Tr. 492-93.)  Her activities of daily living included attending activities with her children, helping her father around his house, cooking, laundry, attending church twice a week and AA meetings once or twice a month.  (Tr. 523-27.)  She testified she could not work due to constant pain in her neck and thoracic when she moved her arms and neck, and pain in her lower back after sitting for longer than 15 minutes.  (Tr. 507-08, 510.)

## ADMINISTRATIVE DECISION

At step one, ALJ Payne found Plaintiff had not engaged in

1064 (9th Cir. 1990), *overruled on other grounds*, *Bunnell v. Sullivan*, 947 F.2d 341, 342 (9th Cir. 1991).  However, such evidence may be the basis for a new application for SSI benefits.

substantial gainful activity during the relevant time. (Tr. 34.)
At step two, he found Plaintiff had the severe impairment of status
post right shoulder surgery, status post right knee surgery, and low
back disk injury, but determined at step three that they did not
meet or medically equal one of the listed impairments in 20 C.F.R.,
Appendix 1, Subpart P, Regulations No. 4 (Listings). (Id.) The ALJ
found Plaintiff's allegations regarding limitations were not totally
credible. (Tr. 30, 34.) At step four, he determined Plaintiff had
a residual functional capacity (RFC) for a wide range of light work
with the following limitations:

> She must alternate sitting and standing every 50 minutes
> with a 10 minute break in between. She should avoid
> repetitive overhead work with the right arm and pushing
> and pulling in excess of 5 pounds. She can occasionally
> reach overhead with the right arm. She can occasionally
> climb ramps, stairs, ladders or scaffolds. She should
> avoid climbing ropes, crouch, or crawl. She can
> occasionally engage in balancing or kneeling. She should
> avoid exposure to industrial vibration. Additionally, she
> has mild to moderate, frequent complaints of pain and
> takes over the counter medication, however, despite the
> level of pain and/or the effects of medication, she would
> be able to remain reasonably attentive and responsive in
> a work setting and would be able to carry out normal work
> assignments satisfactorily.

(Tr. 34.)

The ALJ concluded Plaintiff could perform her past relevant
work as an apartment manager. (Id.) Proceeding to step five, the
ALJ made the alternative finding that Plaintiff could perform other
jobs in the national economy and, therefore, was not under a
"disability" as defined by the Social Security Act. (Tr. 35.)

## STANDARD OF REVIEW

In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the
court set out the standard of review:

A district court's order upholding the Commissioner's denial of benefits is reviewed *de novo*. *Harman v. Apfel*, 211 F.3d 1172, 1174 (9th Cir. 2000). The decision of the Commissioner may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

## SEQUENTIAL PROCESS

Also in *Edlund*, 253 F.3d at 1156-1157, the court set out the requirements necessary to establish disability:

Under the Social Security Act, individuals who are "under a disability" are eligible to receive benefits. 42 U.S.C. § 423(a)(1)(D). A "disability" is defined as "any medically determinable physical or mental impairment" which prevents one from engaging "in any substantial gainful activity" and is expected to result in death or last "for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Such an impairment must result from "anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). The Act also provides that a claimant will be eligible for benefits only if his impairments "are of such severity that he is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . . ." 42 U.S.C. § 423(d)(2)(A). Thus, the definition of disability consists of both medical and vocational components.

In evaluating whether a claimant suffers from a

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 5

1  disability, an ALJ must apply a five-step sequential
   inquiry addressing both components of the definition,
2  until a question is answered affirmatively or negatively
   in such a way that an ultimate determination can be made.
3  20 C.F.R. §§ 404.1520(a)-(f), 416.920(a)-(f). "The
   claimant bears the burden of proving that [s]he is
4  disabled." *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir.
   1999). This requires the presentation of "complete and
5  detailed objective medical reports of h[is] condition from
   licensed medical professionals." *Id.* (citing 20 C.F.R. §§
6  404.1512(a)-(b), 404.1513(d)).

7      It is the role of the trier of fact, not this court, to resolve

8  conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence

9  supports more than one rational interpretation, the court may not

10 substitute its judgment for that of the Commissioner. *Tackett*, 180

11 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).

12 Nevertheless, a decision supported by substantial evidence will

13 still be set aside if the proper legal standards were not applied in

14 weighing the evidence and making the decision. *Brawner v. Secretary*

15 *of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). If

16 there is substantial evidence to support the administrative

17 findings, or if there is conflicting evidence that will support a

18 finding of either disability or non-disability, the finding of the

19 Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-

20 1230 (9th Cir. 1987).

21                              **ISSUES**

22     The question is whether the ALJ's decision is supported by

23 substantial evidence and free of legal error. Plaintiff argues the

24 ALJ erred when he: (1) improperly rejected her treating physician's

25 opinions; (2) assessed her credibility; (3) presented an incomplete

26 hypothetical question to the vocational expert; (4) failed to

27 consider the effects of her impairments in combination; and (5)

28

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 6

failed to consider properly lay testimony. (Ct. Rec. 18.)

**DISCUSSION**

**A.    Credibility**

In his sequential evaluation, the ALJ found Plaintiff was "less than fully credible," and discounted her subjective complaints regarding functional limitations caused by pain. (Tr. 30.) When the ALJ finds the claimant's statements as to the severity of impairments and limitations is unreliable, the ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude the ALJ did not arbitrarily discredit claimant's allegations. *Thomas v. Barnhart*, 278 F.3d 947, 958-959 (9th Cir. 2002); *Bunnell v. Sullivan*, 947 F.2d 341, 345-46 (9th Cir. 1991) (en banc). The ALJ may consider the following factors when weighing the claimant's credibility: the claimant's reputation for truthfulness, inconsistencies either in her allegations of limitations or between her statements and conduct, daily activities and work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the alleged symptoms. *Light v. Social Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997). If the ALJ's credibility finding is supported by substantial evidence in the record, the court may not engage in second-guessing. *See Morgan*, 169 F.3d at 600. If there is no affirmative evidence that the claimant is malingering, the ALJ must provide "clear and convincing" reasons for rejecting the claimant's allegations regarding the severity of symptoms. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998).

Here, Plaintiff presented medical records showing she had

musculoskeletal conditions that could reasonably be expected to produce pain.  She testified she could not walk more than one half mile, could not stand or sit for more than 15 minutes, could not lift more than twenty pounds and suffered pain constantly at varying levels of intensity.  (Tr. 510-14.)  She stated she took only over the counter pain medicine two or three times a week if the pain got too bad, but it upset her stomach.  (Tr. 509.)

> An ALJ cannot be required to believe every allegation of disabling pain, or else disability benefits would be available for the asking, a result plainly contrary to 42 U.S.C. § 423 (d)(5)(A). . . . This holds true even where the claimant introduces medical evidence showing that he has an ailment reasonably expected to produce some pain; many medical conditions produce pain not severe enough to preclude gainful employment.

*Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989).  Subjective complaints alone cannot be the basis for a finding of disability. Further, the ALJ need not completely reject nor completely accept the claimant's allegations.  SSR 96-7p.

In his credibility findings, the ALJ referenced evidence in the record that, contrary to her complaints of constant pain, Plaintiff had not sought treatment at a pain clinic or any other form of pain management regime, had not been prescribed pain medication by her doctors and took only over the counter medication.  He also found she did not provide records to support alleged trips to the emergency room (ER) for treatment of chronic pain when it got bad. (Tr. 30.)  Although the record contains evidence of ER visits, as the ALJ stated, these visits were precipitated by events such as work-related pain after her car accident, a calf injury while boating that was aggravated while Plaintiff was on vacation, back

pain after moving boxes in November 2003, headaches and strep throat, and a fall down the stairs. (Tr. 223, 226, 231, 326, 330, 334.) The record does not support Plaintiff's allegation that she sought ER treatment for chronic pain. The court also notes on independent review that on November 29, 2003, she told ER personnel she had moved boxes initially, but denied any "recent trauma" the next day. (Tr. 231, 239.) She denied taking prescribed pain killers at the hearing (Tr. 509), but records indicate she was taking Percocet and Oxycoton. (Tr. 239, 268.)

The ALJ also found her complaints of symptoms and impairments were inconsistent with objective medical evidence and the opinions of her treating doctor. (Tr. 30, 342, 510-12.) In October 2003, treating physician Vanderwilde strongly recommended physical therapy and a home-strengthening program. (Tr. 265.) On December 16, 2003, Dr. Vanderwilde examined Plaintiff, who complained of right knee problems. He noted that Plaintiff "continues to work through pain," and never had participated in formal physical therapy. (Tr. 340.) The record includes several references to Plaintiff's failure to follow the course of recommended physical treatment, which was considered effective in resolving the pain issues from her accidents and surgeries. (Tr. 169, 175, 177, 179, 193, 262.) This lack of consistent treatment follow-up and inconsistencies between the medical records and Plaintiff's self-reported activities of daily living and participation in her children's activities, travel and recreation, (Tr. 507, 523-28), are "clear and convincing" reasons to support the ALJ's finding that Plaintiff was not fully credible as to the severity of her pain. *Rollins v. Massanari,* 261 F.3d 853,

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 9

856-57 (9th Cir. 2001).   Although the record supports the ALJ's findings that Plaintiff experienced pain from her musculoskeletal impairments, the evidence in its entirety may be rationally interpreted that her level of pain does not render her totally disabled as claimed.

**B.   Treating Physician Medical Opinions**

Plaintiff claims the ALJ improperly rejected the opinions of her treating physician and failed to consider mental impairments assessed by examining psychologist Gary Lauby, Ph.D., when he determined her impairments were not disabling.   (Ct. Rec. 8 at 6, 8.)

In a disability proceeding, it is the role of the ALJ to resolve conflicts in medical evidence.   A treating physician's opinion is given special weight because of his familiarity with the claimant and her physical condition.   *See Fair v. Bowen*, 885 F.2d 597, 604-05 (9th Cir. 1989).   If the treating physician's opinion is not contradicted, it can be rejected only with "clear and convincing" reasons.   *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).   If contradicted, the ALJ may reject the opinion if he states specific, legitimate reasons that are supported by substantial evidence. *See Flaten v. Secretary of Health and Human Serv.*, 44 F.3d 1453, 1463 (9th Cir. 1995); *Fair*, 885 F.2d at 605.   Furthermore, a treating physician's opinion "on the ultimate issue of disability" must itself be credited if uncontroverted and supported by medically accepted diagnostic techniques unless it is rejected with "clear and convincing" reasons. *Holohan v. Massanari*, 246 F.3d 1195, 1202-03 (9th Cir. 2001).

To meet this burden, the ALJ can set out a detailed and thorough summary of the facts and conflicting clinical evidence, state his interpretation of the evidence, and make findings. *Thomas*, 278 F.3d at 957; *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). The ALJ is not required to accept the opinion of a treating or examining physician if that opinion is brief, conclusory and inadequately supported by clinical findings. *Id.* Further, a plaintiff's credibility is an appropriate factor to consider when evaluating medical evidence. *See Webb v. Barnhart*, 433 F.3d 683, 688 (9th Cir. 2005). Where a claimant alleges a disabling pain, an ALJ "may not discredit a claimant's testimony of pain and deny disability benefits solely because the degree of pain alleged by the claimant is not supported by objective medical evidence." *Bunnell*, 947 F.2d at 345-46; *Cotton v. Bowen,* 799 F.2d 1403 (9th Cir. 1986); 20 C.F.R. §§ 404.1529(c)(2), 416.929(c)(2). Nonetheless, where the claimant introduces medical evidence showing that she has an ailment reasonably expected to produce pain, an ALJ is not required to believe the allegations of severity; many medical conditions produce pain not severe enough to preclude gainful employment. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989).

Here, Plaintiff submitted extensive records from her treating orthopedist, Russell Vanderwilde, M.D., that documented her musculoskeletal injuries and treatment. (Tr. 246-75, 340-47.) The ALJ found these conditions severe and reasonably expected to cause pain. (Tr. 29, 31.) However, the ALJ rejected limitations opined by Dr. Vanderwilde in a Medical Source Statement, signed June 30, 2005, in which Dr. Vanderwilde summarily concluded that Plaintiff

could sit one hour at a time, for three hours, stand two hours at a time for a total of four hours, and walk two hours at a time for four hours. (Tr. 31, 342.) Dr. Vanderwilde also opined Plaintiff was limited to lifting and carrying no more than 10 pounds occasionally, with no repetitive use of her right hand for pushing or pulling. He found she could occasionally bend, squat crawl, climb and reach above the shoulder level, with no environmental restrictions. (Id.)

The ALJ thoroughly summarized Dr. Vanderwilde's records (Tr. 23, 25-28, 31.) In rejecting the degree of limitation opined by Dr. Vanderwilde in his Medical Source Statement, the ALJ reasoned that Dr. Vanderwilde's clinical notes indicated Plaintiff had improved after her surgeries, and his conclusion that Plaintiff was unable to do any type of work was based on her self-report, which the ALJ properly found not fully credible. This is a legitimate reason for discounting a treating physician's opinion. *Morgan*, 169 F.3d at 600-02.

The ALJ also relied on medical expert testimony and agency consultants' opinions that Plaintiff's RFC was not as limited as that found by Dr. Vanderwilde. (Tr. 31.) Medical expert Robert Berselli, orthopedic surgeon, gave a detailed analysis of the medical records and other evidence, and opined Plaintiff was limited as follows: she could lift or carry 25 pounds with both hands occasionally and ten pounds frequently; she could walk or stand for six out of eight hours, and sit six out of eight hours, alternating every 50 minutes, with a ten minute break. She could not push/pull repetitively more than five pounds with her right hand or arm. She

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 12

should never crouch or crawl, but could occasionally stoop. She could occasionally climb ramps, stair, ladders, scaffolds, but no ropes. Overhead reaching with her right arm was limited to occasionally, but never repetitive. She should also avoid heavy industrial vibration, that would affect her back. (Tr. 496-99.) The nature of functional limitations opined by Dr. Berselli is substantially consistent with Dr. Vanderwilde and medical expert George Weilepp, M.D., and orthopedic surgeon, who testified at the July 28, 2005, hearing. (Tr. 474-86.)

Testimony of a medical expert may serve as substantial evidence when supported by other evidence in the record. *Magallanes v. Bowen*, 881 F.2d at 755. Here, the medical experts were specialists in orthopedics whose opinions are given special weight. 20 C.F.R. § 416.927(d)(5). Both experts gave detailed testimony explaining the evidence and their findings. The functional limitations opined are substantially consistent with Dr. Vanderwilde's findings, differing primarily in the degree of severity of Plaintiff's exertional limitations. The variance in degree of severity is rationally interpreted as reflecting the medical experts' and the ALJ's ability to review the record as a whole, including issues of credibility, in making their capacity assessments. *See SSR* 96-8p; *SSR* 96-5p (the RFC is the adjudicator's finding based on all relevant evidence in the case record). The ALJ did not err in considering the medical expert testimony in assessing Plaintiff's RFC.

Finally, it is well settled that the ALJ is "responsible for determining credibility, resolving conflicts in medical testimony

and for resolving ambiguities," in these proceedings. *Richardson,* 402 U.S. at 400; *Andrews*, 53 F.3d at 1039; *SSR* 96-8p. The final determination regarding a claimant's ability to perform basic work is the sole responsibility of the Commissioner. 20 C.F.R. § 416.946; *SSR* 96-5p (RFC assessment is an administrative finding of fact reserved to the Commissioner). Considering Plaintiff's credibility, her testimony regarding her activities of daily living, and the fact that the specialized medical experts' opinions were based on the entire record, the evidence reasonably supports the ALJ's evaluation and rejection of Dr. Vanderwilde's opinions regarding the severity of Plaintiff's work-related limitations. The ALJ did not err in his RFC determination.

**C.   Step Five: Hypothetical Question**

At step five, the burden shifts to the Commissioner to show that there is a significant number of jobs in the national economy that the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984). The ALJ may use the testimony of a vocational expert to identify appropriate jobs. *SSR* 00-4p. The hypothetical posed to the vocational expert must accurately reflect the claimant's physical and mental limitations determined credible and supported by the record. *Osenbrock v. Apfel*, 240 F.3d 1157, 1162-63 (9th Cir. 2001); *Embrey v. Bowen*, 849 F.2d 418, 423 (9th Cir. 1988); *DeLorme v. Sullivan*, 924 F.2d 841, 850 (9th Cir. 1991). The hypothetical question presented to vocational expert Sharon Welter (VE) by the ALJ contained the following limitations, which were consistent with the limitations opined by Dr. Berselli (Tr. 495-99), and to some degree, more restrictive than the ALJ's final RFC

1  determination quoted above:

2      [T]his individual would be able to occasionally lift
       and/or carry 25 pounds. Frequently lift and/or carry 10
3      pounds. Stand, and/or walk about six hours in an eight
       hour work day. Sit about six hours in an eight hour work
4      day. Would need to periodically alternate sitting and
       standing every - - the individual would be able to sit or
5      stand for 50 minutes at a time.

6      . . .

7      . . . with maybe approximately 10 minute alteration [sic].
       This individual would be limited in the upper extremities
8      to no repetitive pushing or pulling with the right arm, of
       more than five pounds. Objects weighing more than five
9      pounds. The purpose to control no more than five pounds of
       force, nor they should never climb ropes. Could
10     occasionally climb ladders, rope - - ladders, scaffolds,
       ramps and stairs. Could occasionally balance, kneel, and
11     stoop. This individual should occasionally , but would
       only occasionally be able to do overhead reaching with the
12     right arm. And the individual is right arm dominant. And
       lastly, as far as nonexertional imitations, should avoid
13     all exposure to heavy industrial type vibration. . . .
       [T]he individual has the physical and mental
14     symptomatology to include mild and moderate frequent pain.
       That the individual would take prescription medication for
15     the relief of his or her symptomatology. However, despite
       the levels of pain and/or effects of the medication, the
16     individual would be able to remain reasonably attentive
       and responsive in a work setting. And would be able to
17     carry out normal work assignments satisfactorily.

18  (Tr. 544-45.)

19      Plaintiff's argument that the ALJ failed to consider all of her

20  impairments in combination is without merit. The hypothetical and

21  the final RFC determination encompass back, shoulder and neck

22  injuries, as well a mild to moderate pain, which was treated with

23  medication. (Id.)

24      Regarding emotional or psychological impairments, Plaintiff

25  clearly stated at the hearing that her neck, thoracic and lower back

26  pain kept her from working. (Tr. 507.) Plaintiff cites to Dr.

27  Lauby's evaluation as support for her argument that there should

28

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 15

have been a finding of mental impairments, and that psychological limitations should have been included in the ALJ's hypothetical. (Ct. Rec. 22 at 2).   However, Dr. Lauby's diagnosis of depressive disorder, recurrent, moderate, on the psychological evaluation form (Tr. 215) conflicts with his narrative report, which contains no diagnosis of depression and describes Plaintiff as independent in her activities of daily living, demonstrating conventional levels of emotional and behavioral control.  (Tr. 221-22.)  He observed no signs of depression and reported Plaintiff's statements that pain was her primary barrier to work, and that she did not believe she was mentally ill.  (Tr. 28-29, 221-22.)

    As noted by the ALJ in finding of no severe mental impairment, Plaintiff's application for social security benefits does not list mental impairments.  (Tr. 28, 101.)   Plaintiff did not allege emotional problems during her testimony.   The record indicates Plaintiff took Prozac for depression from pain, PMS and stress, but no other mental health treatment was recommended or pursued.  (Tr. 28, 155, 218.)   Further, there is no evidence in the record that limitations caused by mental conditions persisted more than twelve months or affected Plaintiff's ability to work in any way.  The ALJ did not err in finding no limitations caused by mental impairments.

    In response to the ALJ's hypothetical, the VE found there were numerous light level and sedentary level jobs in Washington State that Plaintiff could perform: a mail clerk, office helper parking lot attendant, as well as surveillance camera monitor in casinos, telemarketer and cashier II.  (Tr. 546-47.)  The VE also considered the additional limitation as propounded by Plaintiff's counsel, and

testified that even with a limitation of sitting for one hour at a time for a total of three hours per day, the additional restriction would not affect Plaintiff's ability to perform the sedentary jobs identified, which allowed for an alternating sitting/standing option. (Tr. 547-48.) Because the hypothetical question presented by the ALJ included all limitations reasonably supported by the record, the VE's testimony is substantial evidence. The Commissioner met his burden at step five.

**D.   Lay testimony**

Plaintiff argues the ALJ improperly rejected testimony from lay witness, George Shore. Lay witness testimony as to a claimant's symptoms or how an impairment affects ability to work is competent evidence and must be considered by the ALJ. If lay testimony is rejected, the ALJ must give reasons that are germane to each witness. *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996). Mr. Shore worked with Plaintiff on construction, and visited with her about once a month. (Tr. 532.) He testified Plaintiff could no longer do the physical labor she did before her car accidents, and that she complained of pain and is unable to ride bikes with him and her children. (Tr. 534.) The ALJ properly considered Mr. Shore's statements, and consistent with his testimony, found Plaintiff could no longer do construction work, and suffered mild to moderate frequent pain. (Tr. 32, 34.) The ALJ properly considered Mr. Shore's testimony.

### CONCLUSION

The ALJ thoroughly detailed the medical evidence in the record and properly evaluated the medical opinions in considering

Plaintiff's impairments alone and in combination.  His determination of non-disability is based on substantial evidence and free of legal error.  Accordingly,

**IT IS ORDERED:**

1.    Plaintiff's Motion for Summary Judgment **(Ct. Rec. 17 )** is **DENIED**;

2.    Defendant's Motion for Summary Judgment **(Ct. Rec. 20)** is **GRANTED;**

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Defendant, and the file shall be **CLOSED**.

DATED August 27, 2007.


_____S/ CYNTHIA IMBROGNO_____
UNITED STATES MAGISTRATE JUDGE

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 18